UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 0:13-CV-168-HRW

THE ESTATE OF LENDEN FORREST
FERRELL BY AND THROUGH ITS
ADMINISTRATRIX COLLEEN FERRELL AND
COLLEEN FERRELL, INDIVIDUALLY,　　　　　　　　　　　PLAINTIFFS

v.

J& W RECYCLING, INC. DEFENDANT
AND
THE ESTATE OF LENDEN FORREST
FERRELL BY AND THROUGH ITS
ADMINISTRATRIX COLLEEN FERRELL, AND
COLLEEN FERRELL, INDIVIDUALLY, AS
ASSIGNEES OF THE RIGHTS OF J&W
RECYCLING, INC.,　　　　　　DEFENDANT/THIRD-PARTY PETITIONERS

v.

THE BURLINGTON INSURANCE COMPANY ,　　　THIRD-PARTY RESPONDENT

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court upon The Estate of Lenden Forrest Ferrell and Colleen Ferrell's Motion to Remand [Docket No. 3] and Motion to Abstain from Exercising Jurisdiction [Docket No. 4]. The Court finds that diversity jurisdiction has been established pursuant to 28

U.S.C. § 1322(a), as complete diversity exists among the parties and the jurisdictional amount-in-controversy requirement has been satisfied. However, for reasons set forth herein, the Court declines to exercise discretionary jurisdiction over this declaratory judgment action under the Declaratory Judgment Act (DJA), which in itself "does not create an independent basis for federal subject matter jurisdiction."*Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir.2003); *see also* 28 U.S.C. § 2201.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a tragic truck accident which occurred in Greenup County, Kentucky on June 29, 2011. On that day, a tractor-trailer driven by Wesley A. Walker collided with a vehicle operated by Lenden Forrest Ferrell. Both Mr. Ferrell and Mr. Walker died as a result of injuries sustained in accident. At the time of the accident, Mr. Walker was operating a tractor-trailer, owned by J&W Recycling, within the course and scope of his employment with J&W Recycling and with its knowledge. The tractor trailer operated by Mr. Walker had been loaded and secured using a forklift owned by J&W Recycling and operated by its employee.

At the time of the accident, J&W Recycling held a Commercial General Liability insurance policy with Burlington Insurance and made a claim for coverage. However, Burlington Insurance denied coverage and refused to defend or indemnify J&W Recycling.

On October 25, 2011, the Estate of Lenden Forrest Ferrell and Colleen Ferrell filed suit against J&W Recycling seeking to recover wrongful death damages, alleging that the tractor trailer operated by its employee was improperly loaded by its forklift and that this was a substantial factor in causing the collision. The case was litigated in Greenup Circuit Court for

2

almost two years. After the conclusion of multiple discovery, an Agreed Judgment was entered on September 17, 2013 in favor of the Ferrells against J&W Recycling. In the Agreed Judgment, J&W Recycling admitted liability. On the same day, the Estate of Lenden Forrest Ferrell and Colleen Ferrell accepted assignment of J&W Recycling's rights against Burlington Insurance. Thereafter, with leave of the Greenup Circuit Court, the Ferrell Assignees filed a Third-Party Petition for Declaration of Rights against Burlington Insurance seeking to adjudge the existence of coverage under the Policy.

In response to the Petition, Burlington Insurance filed a Notice of Removal, asserting jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

The Ferrells move this Court to refrain from exercising its discretionary jurisdiction over this action.

### III. ANALYSIS

The Declaratory Judgment Act, 28 U.S.C. § 2201, "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). In other words, the Act "confers discretion on courts, not rights on litigants." *Am. Home Assurance Co. v. Evans*, 791 F.2d 61, 64 (6th Cir. 1986) (citing *Green v. Mansour*, 474 U.S. 64 (1985)). Thus, even when the Court may otherwise exercise jurisdiction over a declaratory judgment action, it is "under no compulsion" to do so. *Wilton*, 515 U.S. at 278.

The Ferrells have moved the Court pursuant to its unique discretion under the Declaratory Judgment Act, to abstain from presiding over this case. Burlington Insurance, however, argues that equitable considerations support the exercise of jurisdiction. The Court does not find

3

Burlington's arguments persuasive and believes the equitable considerations counsel against the exercise of jurisdiction over this case.

As an initial matter, the Court notes that this case is procedurally distinct from many federal Declaratory Judgment Act cases. It was filed pursuant to Kentucky's state declaratory judgment statute, and removed to federal court. Thus, as one court explained, "an issue arises as to whether a federal district court has the same discretion to abstain in the context of a removed state-court declaratory judgment action as it does in the context of a federal declaratory judgment action under 28 U.S.C. § 2201." *National Union Fire Ins. Co. v. Rodriguez*, No. 03-74442, 2004 WL 3257089, at *9 (E.D. Mich., Feb. 12, 2004). In *National Union*, the court held that the discretionary standard that governs federal declaratory judgment actions applies to removed cases brought under a state declaratory judgment statute. *Id. See also*, *Bland v. Southline Steel Indus.*, No. 1:08-161, 2008 U.S. Dist. LEXIS 101855, at *5 n.1 (W.D. Ky., Dec. 15, 2008) (explaining that the court "applies 'federal law governing discretion in entertaining declaratory judgment actions even though the action was originally brought under a state declaratory judgment statute and removed to federal court based on diversity'" .) Thus, even though this action was commenced under the Kentucky declaratory judgment statute, the Court relies on the broad discretion granted to it its federal counterpart.

The Sixth Circuit has identified five factors, first articulated in *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323 (6th Cir. 1984), which guide a district court in determining whether to exercise its discretionary jurisdiction under the Declaratory Judgment Act. Those factors include:

(1) whether the declaratory action would settle the controversy;

4

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing or to "provide an arena for a race for res judicata;"

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*Id.* at 346 (formatting altered).

This list is not exhaustive. Rather, "the Court must make a full inquiry into all relevant considerations." *Brotherhood Mut. Ins. Co. v. United Apostolic Lighthouse, Inc.*, 200 F. Supp. 2d 689, 692 (E.D. Ky. 2002).

In this case, the first factor weighs in favor of exercising jurisdiction. The case at hand is limited to a coverage dispute and a declaration of whether coverage is due would settle the controversy. *See Jordan Ice Co. v. Gtrange Mutual Casualty Company*, 2006 WL 3497767, at *4 ("[A]ssuming the Court would ultimately be able [to] adjudicate the matter in favor of one party – *i.e.*, coverage or no coverage – this determination would dispose of the declaratory judgment action."). Likewise, the result would usefully clarify the legal relations of the two parties. *Id.*

As for procedural fencing, Burlington vehemently maintains that the Ferrell Estate is attempting to block its statutory right to removal. Given that the remaining factors weigh heavily in favor of abstention, the Court need not dwell upon the issue of procedural fencing.

The fourth and fifth factor are the most relevant in the Court's analysis of this case. When a court considers whether to accept jurisdiction over a case like this, "competing state and federal

5

interests weigh in the balance." *Adrian Energy Assoc. v. Mich. Pub. Serv. Comm.*, 481 F.3d 414, 421 (6th Cir. 2007). In considering the fourth factor — whether the action would cause friction between state and federal courts — the Sixth Circuit has provided three additional sub-factors to consider:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 814–15 (6th Cir. 2004) (citing *Scottsdale Ins. Co. v. Flowers*, 211 F.3d 964, 968 (6th Cir. 2000)).

As to the first sub-factor, as the Ferrells' Third-Party Petition against Burlington requests "a declaration as to whether the Policy provides coverage for the unsatisfied amount of the Agreed Judgment," the underlying factual issues are essential to any determination about Burlington's contractual indemnity obligations to J&W Recycling.

Further, having presided over the litigation of this matter for over two years, the Greenup Circuit Court has the necessary factual background to decide the parties' rights. *See Bituminous*, 373 F.3d 814-815 (factors four and five require an evaluation of… (2) whether the state trial court is in a better position to evaluate those factual issues…). The facts essential to resolution were developed during state court discovery and the details supporting these facts are within the

6

knowledge of the Greenup Circuit Court. For example, the accident investigation report found that, with regard to the tractor-trailer operated by Mr. Walker, "the securement of the cargo did not meet the minimum requirements set forth by FMSCR 393.132" therefore causing a load to shift, which caused or

contributed to the accident. The investigator specifically noted that an inadequate number of chains and improper type of chains were used to secure the cargo on the tractor-trailer operated by Mr. Walker. To determine whether Burlington must indemnify J&W Recycling, a court will have to apply these facts and others to the language of the Policy. The Greenup Circuit Court has the distinct advantage of having presided over the discovery of these facts and is, thus, far better suited than this Court to evaluate those facts.

In addition, the controversy requires a ruling on previously undecided issues of Kentucky law, specifically whether the Policy provides coverage for the negligent use, selection and supervision of mobile equipment like forklifts. Where Kentucky courts have not yet definitively spoken on an issue of state law, this consideration weighs against exercising jurisdiction. *Bitmunious*, 373 F.3d at 816. In other words, this undecided question of Kentucky law ought to be resoled by a Kentucky court.

With regard to the third sub-factor, the simple fact that this is an insurance coverage dispute weighs in favor of abstention. "States regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Bituminous*, 373 F.3d at 815 (citations omitted).

This matter was removed not on the basis of a federal question, but instead based on diversity jurisdiction. Kentucky's interest therefore outweighs this Court's since the case presents

7

no federal issue and the state court is the superior forum based on public policy. *See id.; see also American Home Assurance Co. v. Evans*, 791 F.2d 61, 63 (6th Cir. 1986) (questioning "... the need for such declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner.")

## IV. CONCLUSION

The Sixth Circuit has not provided a precise formula for balancing the *Grand Trunk* factors. In this case, the first two factors weigh in favor of exercising jurisdiction, while the fourth and fifth factors – expressing "considerations of comity," *id.* – weigh heavily against. In *Jordan Ice*, the court was confronted with the same split. 2006 WL 3498867, at *5. There the court found that the latter factors predominated and declined to exercise jurisdiction. *Id.* The Court will follow that lead. In this case, the fourth and fifth factors – which together consider he need: (I) for comity between the courts; (ii) to avoid encroaching on state jurisdiction; and (iii) to avoid answering unanswered questions of state law that implicate important state public policies – outweigh the others. Thus, the Court will abstain from exercising jurisdiction over this action for declaratory relief and remand to the state court.

Accordingly, **IS HEREBY ORDERED** that The Estate of Lenden Forrest Ferrell and Colleen Ferrell's Motion to Remand [Docket No. 3] and Motion to Abstain from Exercising Jurisdiction [Docket No. 4] be **SUSTAINED** and this matter be **REMANDED** to Greenup Circuit Court.

This 30th day of April, 2014.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge